UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PETE COSTELLO,<br><br>  Defendant. | Case No.  05-5009RBL<br><br>DETENTION ORDER |

THIS COURT conducted a detention hearing on December 8, 2006 pursuant to 18 U.S.C. §3142. The  United States of America was represented by Norman M. Barbosa.  The defendant was present and represented by his attorney, Linda Sullivan.  Also present was Julie Busic, U.S. Pretrial Services Officer.

This Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required.  This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and  (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer and argument.  The court considered the following written documents: Motion for Detention Order (Dkt. #6), Memorandum in Support of Government's Motion for Detention (Dkt. #12) with Attachment A (a DVD), Memorandum of Law in Response to Government's Motion for Detention (Dkt. #16), U.S. Pretrial Services Report, and

Indictment (Dkt. #1).

The Government requested detention of the defendant based on serious risk the defendant will flee. At oral argument it also presented argument based on safety of the community.

**FINDINGS OF FACT**

The defendant is charged in the Indictment in Count I with Conspiracy to Defraud the Government alleging a conspiracy beginning in or around August 1997 and continuing until in or around September 2006. Count II charges the defendant with Social Security Fraud - Concealing Events Affecting Rights to Benefits. Count I carries a maximum penalty of 10 years imprisonment, a $250,000 fine, $100 special assessment and 3 years supervised release. Count II carries a maximum penalty of 5 years imprisonment, a $250,000 fine, $100 special assessment and 3 years supervised release.

In support of its detention motion, the AUSA provided the court with a DVD which shows both defendants attending a meeting at a Social Security Office on January 31, 2006. At that meeting the defendant Rosie Costello continued to claim that the co-defendant Pete Costello was mentally retarded and therefore continued to be entitled to benefits. The co-defendant Pete Costello acted in an unresponsive manner and portrayed an individual with limited mental faculties. The DVD also contained a video taken of Pete Costello in a Vancouver video-courtroom in which Pete Costello represents himself in relation to a ticket for driving without valid proof of insurance. Pete Costello is responsive to the judge's inquiries and is quite capable of communicating in an intelligible fashion.

The DVD contradicts the defendants representations that Pete Costello is unable to care for himself, unable to drive and unable to communicate. In fact, Pete Costello has a valid Washington driver's license and is actually licensed to drive in three states and does in fact drive. He does not live with his mother but rather lives with his girlfriend and their three children. In a post-arrest interview Rosie Costello admitted that Pete Costello is not mentally disabled and further stated that there was nothing wrong with him. The weight of the evidence against the defendants appears to be substantial. While this Court recognizes that the 9th circuit has taken the position that the weight of evidence against the defendants is the least important of the factors, it is an element to be considered in determining risk of flight as well as safety to the community.

Rosie Costello has also claimed benefits from Social Security on behalf of her daughter Marie based

Detention Order
Page - 2

on mentally disability. The AUSA advised the court that the third person who appeared on the video taken at the Social Security Office and who pretended to be Marie was actually Pete Costello's girlfriend. Rosie Costello admitted in a post-arrest interview that her daughter was not at the January 31, 2006 meeting and further that she had not seen Marie for some time. Pete Costello admitted in his interview with the pre-trial services officer that he does not know where his sister resides and has not had any contact with her for eight years.

Pete Costello has identification documents in three different aliases and, as noted, has valid drivers licenses in three different names in three different states. At the time of his arrest he was carrying valid identification in the name of Mike Costello to include a driver's license and Social Security card.

Pete Costello was born in Portland, Oregon, and has, as an adult, led a transient life style. He has lived with his girlfriend and their three children with family and friends and in motels in the Vancouver, Washington/Portland, Oregon area for over two years. He has also resided in Anchorage. During the course of the government's investigation into this case he has moved approximately six times..

Pete Costello has never been formally employed but works for various family members in the "car business." The court notes that one of his family members, his brother Paul, is presently in custody on charges of identity theft and theft in the first degree. The court understands the theft charge relates to automobiles. There is a serious issue raised regarding the legitimacy of the auto business in which the defendant is employed.

The defendant has prior criminal history under his own name as well as the alias of Johnny Jones and he has a failure to appear issued while using the alias of Stellie Miller. He has two failures to appear and/or to pay under the name of Pete Costello, two failures to appear and/or pay under the alias Stellie Miller, and he received six non-criminal traffic infractions between 2005 and 2006 under the alias of Mike Costello.

For purposes of this hearing, this court finds that Pete Costello presents a serious risk of flight. He leads a transient life style, has limited ties with the community and has no legitimate employment history. In addition to the use of his true name, he has false identification under three different aliases and he has a record of failing to comply with court orders. Her family ties are of great concern as it appears that his strongest ties are with his Mother, his co-defendant, and his significant other who was a participant in the

fraudulent claim being made to Social Security.  His history and actions raise serious concerns regarding credibility and reliability.  It is this court's conclusion that Pete Costello is a flight risk for all these reasons and that placement in a half way house would not be sufficient to ensure his appearance.

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 11th day of December, 2006.

    /s/ Karen L. Strombom
Karen L. Strombom
U.S. Magistrate Judge